UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN DOE,

    **Plaintiff,**

  v.                                                        **Civil Action 2:26-cv-296**
                                                            **Chief Judge Sarah D. Morrison**
                                                            **Magistrate Judge Chelsey M. Vascura**

OHIO UNIVERSITY, *et al.*,

    **Defendants.**

## ORDER

This matter is before the Court on Plaintiff's Motion for Permission to Proceed under Pseudonym (ECF No. 2). Plaintiff filed his Complaint on March 13, 2026, identifying himself as "John Doe." (ECF No. 1.) Plaintiff's claims arise out of the allegedly false accusations, by a non-party identified as Jane Roe, that Plaintiff physically assaulted Ms. Roe during the court of Plaintiff's and Ms. Roe's dating relationship while both attended Defendant Ohio University. Plaintiff contends that in the ensuing investigation and disciplinary proceedings, Defendants violated his rights under Title IX of the Education Amendments of 1972 and the Due Process Clause of the Fourteenth Amendment. (*Id.*) Plaintiff asserts that if he is forced to reveal his identity in public filings, his professional reputation and career pursuits will suffer as a result of being tarnished by allegations of physical violence with a romantic partner. (Mot. 6, ECF No. 2.) Moreover, Defendants are already aware of Plaintiff's identity and will not be prejudiced by Plaintiff's use of a pseudonym. (*Id.*)

Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a). However, the Court "may excuse plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001). To determine whether a plaintiff's privacy interests outweigh the presumption in favor of openness, the United States Court of Appeals for the Sixth Circuit has identified factors to consider, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter*, 370 F. 3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). It is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case. *Id.* at 561.

These factors weigh in favor of anonymity for John Doe. First, Defendant Ohio University is a state university, meaning that Plaintiff is challenging governmental activity. Second, the Court is persuaded that disclosure of Plaintiff's identity would equate to a disclosure of information "of the utmost intimacy." *Porter*, 371 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981). Other courts have granted anonymity in similar circumstances. *See, e.g.*, *Doe v. Miami Univ.*, 882 F.3d 579, 584 n.1 (6th Cir. 2018) (noting that the District Court granted leave for a male student accused of sexual assault to proceed anonymously); *Doe v. Alger*, 317 F.R.D. 37, 40 (W.D. Va. 2016) (finding that anonymity for a student accused of sexual assault was warranted, in part due to the risk of retaliatory physical or mental harm to

both the accused and the accuser); *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009) (affirming a magistrate judge's order permitting a male student accused of rape to proceed anonymously, in part because no criminal charges were filed and because being accused of rape is a personal matter of the utmost intimacy). The third and fourth factors are not relevant to this case and therefore do not weigh in either direction. Moreover, Defendants will not be prejudiced, because they are already aware of Plaintiff's identity.

Under the circumstances, the Court finds compelling reasons to protect Plaintiff's privacy and shield him from discrimination and harassment. Therefore, Plaintiff's Motion for Permission to Proceed Under Pseudonym (ECF No. 2) is **GRANTED**.

It is further **ORDERED** that:

(1) In all publicly filed documents, Plaintiff shall be identified only as John Doe and Plaintiff's accuser shall be identified only as Jane Roe. All documents filed with this Court that contain Plaintiff's or Ms. Roe's real name, or contain information that would permit identification of their real names, directly or indirectly, shall be filed under seal. The filing party must also contemporaneously file a public version with any identifying information redacted or substituted with Plaintiff's or Ms. Roe's pseudonym.

(2) Plaintiff's and Ms. Roe's identity may be disclosed only to the extent reasonably necessary to conduct this action and only to the following persons:

    a. The Court (including any appellate court) and Court personnel;

    b. Court reporters and videographers in connection with the taking of a deposition or the transcription of court proceedings;

    c. Attorneys for the parties to this action and employees of the attorneys' firms;

    d. Defendants' officers, directors, representatives, and trustees;

    e. Experts, advisors, consultants, and other persons engaged to assist directly in this action; and

    f. Mediators, facilitators, arbitrators, or other third-party neutrals that are engaged by the parties to participate in a resolution of this action.

(3) Individuals to whom disclosure of Plaintiff's or Ms. Roe's identity is made shall not further disclose that information to any other person.

(4) Any person to whom disclosure of Plaintiff's or Ms. Roe's identity is made shall first read this Protective Order prior to having access to Plaintiff's or Ms. Roe's identity.

(5) Under no circumstances shall any person disclose Plaintiff's or Ms. Roe's name to the media without the consent of Plaintiff's counsel (in the case of Plaintiff) or Ms. Roe (in the case of Ms. Roe).

(6) The parties shall take all other reasonable steps to prevent Plaintiff's or Ms. Roe's real name from being disclosed.

If any specific issues related to the non-disclosure of Plaintiff's or Ms. Roe's identity arise during the course of this action, the parties shall attempt to resolve those issues without court intervention. If the parties reach an impasse, they shall seek further clarification from this Court.

Finally, the undersigned notes that Plaintiff's proposed order granting his motion also included protections for potential student witnesses who were involved in the events underlying Plaintiff's Complaint. (*See* Proposed Order, ECF No. 2-1.) However, Plaintiff's Motion does not contain any facts, arguments, or authorities supporting the protection of the identity of any student witnesses (aside from Jane Roe) in connection with this case. To the extent any witnesses wish to protect their identity, they may file properly supported motions to that effect upon their becoming involving in this litigation.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

4